## DOLBEER *v.* STOUT.

*(Superior Court of New York City, General Term.   May 2, 1892.)*

MULTIPLICITY OF ACTIONS—ELECTION—EVIDENCE.

S. brought an action against L. & Co. in the supreme court to recover $19,546.09 damages for improper storage of goods. L. & Co. thereafter assigned their claim for storage—$4,811.46—to plaintiff, who sued S. thereon in the superior court of New York city. *Held*, that proceedings must be stayed in the second action, and plaintiff's motion to compel S., defendant therein, to elect denied, since S. could use only a part of his demand in the superior court.

Appeal from special term.

Action by Frazier M. Dolbeer, assignee of F. C. Linde & Co., against John Stout, to recover warehouse charges for storing poultry. Defendant had already brought an action in the supreme court against Linde & Co. to recover for damages caused by improper storage. From an order staying proceedings until the close of the action in the supreme court, plaintiff appeals. For former reports, see 17 N. Y. Supp. 184, 186. Affirmed.

The opinion of McADAM, J., at special term, was as follows: "The supreme court action was commenced first. It is to recover $19,546.09, and, but for the voluntary assignment made by Linde & Co., the cross demand could have been litigated in the supreme court action. If that action is stayed, the defendant here, who is the plaintiff there, can use only a small portion of his demand, ($4,811.46,) and may have to renew his litigation as to the balance. If the supreme court action is tried first, the entire $19,-546.09 will be litigated and disposed of. The law does not encourage double trials and multiplicity of suits, and the court will stay one action and allow the other, in which the entire relief may be awarded, to proceed. *People v. Northern R. Co.*, 53 Barb. 98; *Jackson* v. *Schauber*, 4 Cow. 78; *Jackson* v. *Stiles*, 5 Cow. 282; *McFarlan* v. *Clark*, 2 Sandf. 699; *Avery* v. *Railroad Co.*, (Super. Buff.) 9 N. Y. Supp. 404; *Third Ave. R. Co.* v. *Mayor, etc.*, 54 N. Y. 159; *Railroad Co.* v. *Robinson*, 15 N. Y. St. Rep. 237; *Sorley* v. *Brewer*, 18 How. Pr. 509; *Schuehle* v. *Reiman*, 86 N. Y. 270; *Cushman* v. *Leland*, 93 N. Y. 652; *Pusey* v. *Bradley*, 46 How. Pr. 255. It follows that the defendant's motion for a stay must be granted, and the plaintiff's motion to compel an election denied. No costs.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Edward S. Clinch*, for appellant.   *Thomas J. Farrell* and *B. M. McMahon*, for respondent.

PER CURIAM.   The order should be affirmed, with costs, upon the opinion of the special term.

---

## CENTRAL NAT. BANK OF CITY OF NEW YORK *v.* WHITE *et al.*

*(Superior Court of New York City, General Term.   July 5, 1892.)*

ESTOPPEL—ELECTION OF REMEDIES—EVIDENCE.

Plaintiff's cashier wrongfully appropriated its funds in stock speculation, making purchases of stocks through defendants, stockbrokers, and paying therefor in "cashier's checks" on plaintiff. Defendants, shortly after being informed that the cashier was speculating on his own account, discovered a balance in his favor in the hands of certain brokers, and recovered the same in an action which assumed that the cashier, and not plaintiff, was defendants' customer. *Held* not such an election by defendants to treat the cashier as their customer as to render them liable in an action against them by plaintiff to recover the cashier's checks so paid.

Appeal from judgment on report of referee.

Action by the Central National Bank of the City of New York against Leonard D. White and Charles O. Morris. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.